# The Connecticut Mutual Life Insurance Company
## v.
## Emma F. Smith, Administratrix.

*Life Insurance—Policy—Conditions in —Breach of—Habits of Intoxication—Suicide—Pleading—Evidence—Instructions.*

In an action brought to recover upon a life insurance policy, the defendant contending among other things that assured died a suicide, and that the plaintiff is entitled to recover only an amount named, this court holds as proper the rulings of the trial court touching the defendant's demurrer to the first replication to the defendant's third plea; likewise as to receiving evidence under the second replication to said plea; and declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed June 12, 1891.]

Appeal from the Circuit Court of Tazewell County; the Hon. N. W. Green, Judge, presiding.

Messrs. Isham, Lincoln & Beale, for appellant.

Messrs. William Don Maus and W. R. Curran, for appellee.

570    APPELLATE COURTS OF ILLINOIS.

VOL. 39.]    Conn. Mut. Life Ins. Co. v. Smith.

CONGER, P. J.    This was a suit upon a life insurance policy issued November 23, 1880, by appellant, upon the life of Conrad H. Smith, the husband of appellee.

To the declaration appellant filed the plea of general issue, and two special pleas, as follows:

" Second plea, *actio non*, etc., that one of the provisions of said policy of insurance in the said declaration mentioned, was, that if the insured should die in a state of drunkenness, or from any disease in any degree resulting from the occasional or habitual use of alcoholic .or narcotic stimulants, or should thereby injure or impair his health, whether permanently or temporarily, then in each and every of the foregoing cases said policy should become null and void; and the said defendant avers that said insured, Conrad H. Smith, did injure and impair his health by the use of alcoholic stimulants, by means whereof the said policy of insurance in the said declaration mentioned became null and void, and that it, the said defendant, is not liable to the said plaintiff thereon, and this the defendant is ready to verify, etc."

" Third plea, *actio non*, etc., that one of the provisions in said policy of insurance in the said declaration mentioned, was that the self-destruction of the insured, whether voluntary or involuntary, and whether he should be sane or insane at the time thereof, was not a risk assumed by this company under its contract, but that in every such case, the company should pay in manner and form as provided in the policy a certain sum constituting the so-called net reserve upon the policy, computed as therein stated, which should be deemed to be payment in full of all liability by reason of said contract; and the said defendant avers that the said insured, Conrad H. Smith, did die by an act of self-destruction within the aforesaid provisions, to wit, by poisoning himself, by means whereof the liability of said defendant upon the said policy of insurance in the said declaration mentioned, has become and is so far reduced that the said defendant is liable to said plaintiff thereon only to the amount of the net reserve already mentioned, which amount is readily ascertainable by a mathematical calculation upon the mortality tables named in said policy,

and which amount the defendant is ready and willing and now offers to pay, and this the defendant is ready to verify, etc."

First replication to second plea, that the insured, Conrad H. Smith, did not injure or impair his health by the use of alcoholic stimulants in manner and form as in said second plea averred, and of this the said plaintiff puts herself upon the country, etc. *Similiter* by defendant.

Second replication to the second plea, that before and at the said time when, etc., in the second plea mentioned, with full knowledge that the said Conrad H. Smith used alcoholic stimulants as in second plea is alleged, the said defendant solicited the payment of the annual premiums upon said policy of insurance, and collected and received the same as the same became due and payable, and thereby the said defendant then and there waived the observance or performance by the said Conrad H. Smith of the said condition and provision in the second plea mentioned, and this the plaintiff is ready to verify, wherefore she prays judgment, etc. General rejoinder to second replication to second plea.

First replication to third plea, that the said Conrad H. Smith did not at the time, when, etc., purposely or intentionally poison himself and therefrom die, by an act of self-destruction in manner and form as in said third plea is alleged, and of this the said plaintiff puts herself on the country, etc.

General demurrer to plaintiff's first replication to third plea.

Order overruling demurrer of defendant to the plaintiff's first replication to the third plea; election of defendant to abide by its demurrer.

Second replication to third plea, that the said Conrad H. Smith did not come to his death by an act of self-destruction in manner and form as in said third plea alleged, and of this the said plaintiff puts herself upon the country, etc. *Similiter* by defendant. The errors assigned and relied upon by appellant are thus stated in the brief of counsel:

" Differently and concisely stated, the errors complained of by the appellant, are substantially, that the court erred in overruling the defendant's demurrer to the first replication to the

572    APPELLATE COURTS OF ILLINOIS.

VOL. 39.]        Conn. Mut. Life Ins. Co. v. Smith.

third plea; that it was error to refuse to receive evidence under the second replication to that plea; that the overwhelming weight of the evidence before the jury, and practically all the evidence, is opposed to the general verdict and some of the special findings; that the court should have set aside the verdict and sustained the motion for a new trial; and that upon the whole record, the judgment is so clearly contrary to law and to the weight of the evidence that this court should reverse it." The clause in the policy in reference to self destruction, upon which the third plea was founded, is as follows:

"4th.    That the self destruction of the insured, whether voluntary or involuntary, and whether he be sane or insane at the time thereof, is not a risk assumed by this company under this contract; but in every such case the company will pay in manner and form as hereinbefore provided, only the then net reserve upon this policy, according to the Combined Experience Table of Mortality, assuming four per centum compound interest, deducting therefrom any indebtedness on account of this policy, and shall not be deemed or held liable for any greater sum or payment; and the payment of said sum shall be a full discharge of all liability by reason of this contract."

We think the demurrer to the first replication to the third plea was properly overruled. The third plea is to have the same effect and be treated as though it had in express terms charged that Smith had intentionally poisoned himself, and the first replication to that plea was in fact a denial of that charge and properly ended to the country.

The demurrer to this replication was an admission that the deceased did not intentionally poison himself, and when appellant stood by its demurrer, it took that issue out of the case, in the trial court, and hence it was not error for the Circuit Court to refuse the evidence offered under the second replication to the third plea.

Unless the third plea is to have the meaning we have given it, it could form no issue in the case.

If it is meant to assert by such plea when it is said, "the said insured did die by an act of self destruction within the

aforesaid provisions, to wit, by poisoning himself," that it was accidental and not intentional, then the plea would not charge an act of self destruction within the language of the provision of the policy.

It is perversion of language and an absurdity to say that one can destroy himself by accident, and with no intention so to do, unless it should be the direct result of negligence on his part.

If a person accidentally fall into the water and is drowned, or take poison supposing it to be a harmless and proper drink, and thereby dies, no one would think of saying that such person had died by an act of self destruction. Mutual Life Insurance Co. v. Terry, 15 Wall. 580; Life Insurance Co. v. Broughton, 109 U. S. 121; Suppiger v. C. M. B. Ass'n, 20 Ill. App. 602.

Had appellant desired to raise the question before the jury as to whether the deceased intentionally took poison to destroy his life, this replication fairly and substantially presented such issue; but by demurring to it, we suppose appellant desired to insist that the assertion on the part of appellee that the deceased did not take the poison for the purpose or with the intention of taking his life, was no sufficient answer to the third plea.

We have carefully considered all the evidence, and think it was sufficient to warrant the verdict of the jury. The question of waiver set forth in the second replication to the second plea was fairly presented to the jury by the evidence, and we see no good reason for interfering with the conclusion reached by them.

In the oral argument it was urged that appellee's instructions are faulty in not attempting to define what would constitute a waiver. Upon examination we find the same objection, if it be one, in appellant's instructions.

The instructions of both appellant and appellee use the expression, "if the jury believe that the company did, or did not, waive the provision of the policy in reference to excessive drinking," as words well understood and needing no explanation, and we can not believe that appellant has been

injured thereby, or that it has any just ground of complaint upon this point.

We think substantial justice has been done and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*